NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000518
12-APR-2017
07:59 AM

NO. CAAP-16-0000518

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

S.P. No. 97-004K
H. Isabelle McGarry Trust of March 19, 1971,
Judgment-Creditor/Appellee v. Robert Hofelich and Ann Marie
Hofelich, Judgment-Debtors/Appellees and Jeff Bowden, Bonnie
Bowden and South Pacific Scuba Tours, Inc., Intervenors-Appellees
and Howard Hofelich, Applicant-for-Intervention/Appellant

Jeff Bowden and Bonnie Bowden, Intervenors-Third-Party
Plaintiffs/Appellees v. H. Isabelle McGarry Trust of March 19,
1971, Intervention-Third-Party-Defendant/Appellee

S.P. No. 00-01-0014K
H. Isabelle McGarry Trust of March 19, 1971, Judgment-
Creditor/Appellee v. Robert Hofelich and Ann Marie Hofelich,
Judgment-Debtors/Appellees

S.P. No. 00-01-0016K
H. Isabelle McGarry Trust of March 19, 1971, Judgment-
Creditor/Appellee v. Robert Hofelich and Ann Marie Hofelich
Judgment-Debtors/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

In an appeal arising out of a special proceeding that
Judgment-Creditor/Third-Party Defendant/Appellee H. Isabelle
McGarry Trust of March 19, 1971 (the McGarry Trust), pro se,
initiated for the purpose of enforcing a foreign (California)
judgment in the State of Hawai'i, Applicant-for-Intervention/
Appellant Howard Hofelich (Hofelich), pro se, appeals from the

June 17, 2016 "Order Denying Motion Seeking Court's Permission for Howard Hofelich to Intervene as a Party and File a Complaint in Intervention" (Order Denying Motion to Intervene) entered by the Circuit Court of the Third Circuit.[1]

Although Hofelich purports to appeal from the Order Denying Motion to Intervene, the bulk of his arguments are regarding the merits of the case, that was resolved at least five years before he filed the instant notice of appeal. Where, as here, a party is appealing from an order, rather than a judgment on all claims, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (citations omitted); see also Riethbrock v. Lange, 128 Hawai'i 1, 17, 282 P.3d 543, 559 (2012). Consequently, under the circumstances of this case, it appears that the only order that is eligible for appellate review is the Order Denying Motion to Intervene, and we address the propriety of that order only.

As Hofelich acknowledges, a motion to intervene under Hawai'i Rules of Civil Procedure (HRCP) Rule 24(a)(2) must satisfy all four of the factors adopted in Ing v. Acceptance Ins. Co., 76 Hawai'i 266, 271, 874 P.2d 1091, 1096 (1994) quoting Kim v. H.V. Corp., 5 Haw. App. 298, 688 P.2d 1158 (1984). The Circuit Court based its order on a finding that Hofelich failed to file a timely motion to intervene:

> In this case, Final Judgment was entered July 28, 2009; Amended Final Judgment was entered July 2, 2010. "Motions to intervene filed after judgment has been entered are viewed with disfavor, and the moving party has a heavy burden to show facts or circumstances that justified intervention at that late date." Chierighino v. Bowers, 2 Haw. App. 291, 631, P.2d 183, 1981 Haw. App. LEXIS 220 (1981).
>
> Howard Hofelich's *Motion To Reopen S.P. 97-004k As Intervenor; Petitioning The Court For The Return Of His Unlawfully Seized Property Alleging Fraud; Consolidate Case With Civil Number 09-01-337; And Set Aside Of Conclusion of Law And Amended Final Judgment in SP 97-004k (HRAP Rule 60, Fraud);* was DENIED, Order Filed March 18, 2011.

---

[1]     The Honorable Melvin H. Fujino presided.

> The hearing for the instant action is over 5 years from the date denying Howard Hofelich's first motion to intervene and nearly 7 years after the courts entry of HRCP rule 58 Final Judgment. Therefore the Court finds the instant motion is untimely. [2]

The question of timeliness is left to the sound discretion of the trial court. Ing, 76 Hawai'i at 271, 874 P.2d 1096. Considering the totality of the circumstances, id., the Circuit Court did not abuse its discretion here. Our review of the record reveals Hofelich's first filing in this case was on April 28, 1999.[3] Hofelich maintains in his opening brief that he "has been a party and filed motions and pleadings since 1997." Therefore it is undisputed that Hofelich was aware of this action, no later than 1999 when he filed his Motion For Return, at which time he could have sought intervention. Ing, 76 Hawai'i at 271, 874 P.2d 1096 (Intervenor-Appellant could have moved to intervene "as soon as the Ing declaratory action was filed.").

Moreover, the length of time between when Hofelich should have sought intervention and when he did is over sixteen years, during which interval judgment has been entered and appeal therefrom dismissed. In addition, it appears that the boat has been sold and the proceeds applied to the judgment amount owed by Robert and Ann Marie Hofelich, and therefore there would be substantial prejudice to the parties had Hofelich been allowed to intervene. See, Ing, 76 Hawai'i at 272, 874 P.2d 1097 (substantial prejudice found when, during eight-month delay, the parties reached a settlement and dismissed the action).

Therefore, the June 17, 2016 "Order Denying Motion Seeking Court's Permission for Howard Hofelich to Intervene as a

---

[2] The Circuit Court's reference to "Howard Hofelich's first motion to intervene" appears to be a reference to Hofelich's January 3, 2011 "Motion to Reopen S.P. 97-004K as Intervenor; Petitioning the Court for the Return of His Unlawfully Seized Property Alleging Fraud; Consolidate Case with Civil Number 09-01-337; and Set Aside of Conclusion of Law and Amended Final Judgment in SP. 97-004K (HRAP Rule 60, Fraud)." However, Hofelich did not move to intervene in his January 3, 2011 motion, and the first time he actually sought intervention was his May 4, 2016 motion for intervention that the Circuit Court denied in its June 17, 2016 Order Denying Motion to Intervene

[3] Somewhat confusingly, the document is captioned, in part, "Robert Hofelich's Motion for Return of Exempt Items Seized" (Motion for Return) although it shows the filer's name as "Howard R. Hofelich" and in the body of the document states, "HOWARD R. HOFELICH, hereinafter "HOFELICH" seeks the above reference relief[.]"

Party and File a Complaint in Intervention" entered by the Circuit Court of the Third Circuit is affirmed and all pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, April 12, 2017.

On the briefs:

Howard Hofelich, Applicant-
for-Intervention/Appellant,
*pro se*.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

4